Walter R. PISANI, Petitioner,

v.

DEPARTMENT OF THE
ARMY, Respondent.

No. 00–3359.

United States Court of Appeals,
Federal Circuit.

April 9, 2001.

Before MAYER, Chief Judge,
NEWMAN and RADER, Circuit Judges.

PER CURIAM.

Walter R. Pisani seeks review of the March 29, 2000, decision by the Merit Systems Protection Board, Docket No. SF–0752–99–0598–I–1, sustaining his removal from the position of Accountant at the Directorate of Resource Management, Department of the Army at Fort Irwin, California, for credit card fraud and misuse of office. Because substantial evidence supports the board's decision, we *affirm.*

We review the board's decision under a narrow standard. *See Yates v. Merit Sys. Protection Bd.,* 145 F.3d 1480, 1483 (Fed. Cir.1998); *Hayes v. Dept. of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

The agency has the burden of proving the charges against Pisani by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B) (1994); *see Naekel v. Dept. of Transportation,* 782 F.2d 975, 978 (Fed. Cir.1986). Therefore, although evidence presented by the agency may be insuffi-

cient to support a criminal conviction under the "reasonable doubt" standard, the same evidence may support a civil determination by the board.

■ Pisani argues that substantial evidence did not support the administrative judge's findings. He repeatedly emphasizes that the administrative judge confused "Sarah Palmer" with "Susan Palmer," and argues that the Arizona Mail Order certificate offered as proof of the fraud was altered and therefore was not received at his mailbox. However, the record shows that the names of both "Sarah" and "Susan" Palmer (as well as "Sarah Susan Palmer") were used in obtaining false accounts, and that the "altered" address was in the same writing as the remainder of the form, which we may presume was received at the initial computer-generated address. Pisani also fails to explain satisfactorily why he did not admit that he received packages in the name of "Palmer" in his post office box until late in the proceedings. Moreover, his attacks on the conclusiveness of the handwriting analysis undertaken in the criminal investigation are unavailing because the analysis showed that there were "good indications" that he was the author of the writings on six of the applications. Therefore, the charge of credit card fraud was supported by substantial evidence.

■ Similarly, substantial evidence also supports the charge of misuse of office. Together with the proof of credit card fraud indicated above and in the administrative judge's opinion, Pisani was the only DRM employee implicated in the fraudulent credit schemes, and had access to the personal information of the victims of the activity.

Finally, this court will not reverse a decision of the board upon the basis of a procedural error "unless an abuse of discretion is clear and is harmful." *Curtin v.*

*Office of Personnel Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir.1988). Pisani argues that the administrative judge improperly ignored his request for a subpoena for certain photo identification used in the frauds, and did not release certain phone bill records for the base. However, the record is clear that the administrative judge examined, but determined that he could not rely on, the photo identification in question. Therefore, Pisani's failure to obtain this evidence could not have resulted in harm to his case. In addition, the agency produced the telephone records that were available. There is no evidence to suggest that the statement that the remainder of the telephone information was not available due to a computer failure was false.